No. 14311

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

MICHAEL R. JACQUES,

Plaintiff and Appellant,

-vs-

THEODORE R. NELSON, THE ANACONDA
COMPANY, THE MONTANA NATIONAL GUARD,
DEPARTMENT OF MILITARY AFFAIRS OF THE
STATE OF MONTANA, and STATE OF MONTANA,

Defendants and Respondents.

---

Appeal from:  District Court of the Third Judicial District,
Honorable Robert Boyd, Judge presiding.

Counsel of Record:

For Appellant:

Greg Skakles argued, Anaconda, Montana

For Respondents:

D. L. Holland argued, Butte, Montana

---

Submitted:  December 18, 1978

Decided: FEB 1 1979

Filed: FEB 1979

_Thomas J. Kearney_
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff appeals from a judgment of the District Court of Deer Lodge County dismissing his damage action for personal injuries.

Plaintiff was injured at his employer's Anaconda Reduction Works on February 6, 1977. The accident occurred when Larry Raver, a fellow employee of defendant Anaconda Company, dropped a warhead which exploded, killing Raver and seriously injuring plaintiff.

On March 7 plaintiff filed a claim for compensation with the State Workers' Compensation Division. Defendant Anaconda Company did not file an employee's first report of injury. On April 5 Anaconda Company notified the Division it was denying plaintiff's claim. Plaintiff alleges that he never received notice of this denial.

On April 7 plaintiff filed a common law tort action for damages against his employer (the Anaconda Company) and the personal representatives of the estate of his fellow employee, Larry Raver (Theodore R. Nelson). The Anaconda Company filed a motion to dismiss the complaint on the grounds that plaintiff's exclusive remedy was under the Workmen's Compensation Act.

The District Court granted Anaconda's motion, dismissed plaintiff's complaint, but no judgment was entered thereon. This Court dismissed plaintiff's appeal without prejudice on the ground that the appeal was premature where no judgment had been entered.

Thereafter plaintiff filed an amended complaint in the District Court. On April 26 the District Court dismissed the amended complaint and entered final judgment for defendant Anaconda Company. Plaintiff appeals from this judgment.

The underlying issue is whether plaintiff's exclusive remedy for his injuries is under the Workmen's Compensation Act.

- 1 -

Plaintiff contends that the Workmen's Compensation Act is not his exclusive remedy because his employer elected not to be bound by the Act by (1) failing to file the employer's first report of injury, and (2) failing to notify him that they were denying his claim under the Act.

Defendant Anaconda Company argues that the Act constitutes plaintiff's exclusive remedy for his injuries. The Company claims it was not required to file an employer's first report of injury since the explosion occurred outside the course and scope of plaintiff's employment and to do so would be admitting this defense. The Company further contends that any failure on its part to give plaintiff employee notice of rejection of his claim under the Act did not eliminate plaintiff's exclusive remedy under the Act.

All Montana employments are covered by the Workmen's Compensation Act unless excluded by statute. At the time of plaintiff's injury the controlling statute provided in pertinent part:

> "This Act applies . . . to all private employment not expressly exempted by section 92-202.1 . . ." Section 92-207.1, R.C.M. 1947, since repealed by Chapter 550, Section 9, 1977 Session Laws.

No exemption of plaintiff's employment is contained in section 92-202.1, R.C.M. 1947. It is conceded that plaintiff's employer was covered by the Act.

The Act requires the employer to file a first report of injury. Section 92-808, R.C.M. 1947, now section 39-71-307(1) MCA. Here, plaintiff's employer failed to do so. The Act provides a civil penalty of not more than $1,000 against the employer for failure to file the first report of injury. Section 41-1718(3), R.C.M. 1947, now section 50-71-325(3) MCA. Nowhere in the Act does such failure constitute an election by the employer not to be bound by the Act or subject him to a common law tort action.

- 2 -

The mandatory coverage of all private employment not expressly exempted under the Act would be nullified were we to hold that such failure removes Workmen's Compensation coverage.

The Act further requires the employer to give written notice to the employee of denial of his claim. Section 92-615, R.C.M. 1947, now section 39-71-606 MCA. Plaintiff alleges he never received such notice. The Act provides for the imposition of a 10% penalty if compensation is awarded by the Workers' Compensation Court. Section 92-849, R.C.M. 1947, now section 39-71-2907 MCA. Nowhere in the Act does failure to give such notice remove the employee from coverage under the Act or subject him to a common law tort action.

If the law were otherwise, the purpose and intent of the mandatory coverage of the Act would be effectively subverted. The employer could eliminate the coverage of the Act over a particular employee or a particular accident at will simply by refusing to file an accident report or failing to notify its employee of denial of his claim. This would indeed be a unique and unparalleled kind of Workmen's Compensation coverage.

In summary, we hold that on the record before us the provisions of the Workmen's Compensation provides the exclusive remedy for plaintiff's injuries and that plaintiff's common law tort action for damages is barred by reason thereof. We retain continuing jurisdiction of this judgment for the purpose of amendment, modification or alteration thereof to prevent plaintiff from being left without remedy for his injuries should the Workers' Compensation Court hereafter determine that the accident did not occur within the course and scope of plaintiff's employment.

Affirmed.

_____
                Chief Justice

We concur:

_____

_____

_____

_____
                Justices

- 4 -